IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH SPROUL,

              *Plaintiff,*

   v.

WALMART,

              *Defendant.*

Civil Action No. 2:22-cv-612

Hon. William S. Stickman IV

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Keith Sproul ("Sproul") filed this case against Defendant Walmart ("Walmart") alleging a violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq*. ("ADA"). (ECF No. 8). He claims Walmart failed to accommodate his alleged disability, irritable bowel syndrome, and unlawfully terminated his employment. (*Id.*). Pending before the Court is Walmart's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("motion"). (ECF No. 17). Walmart argues that Sproul's claim is time-barred. Briefing is complete and the matter is ripe for adjudication. For the following reasons, Walmart's motion will be granted.

## I. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and

1

view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows a court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

Complaints brought *pro se* are afforded more leeway than those drafted by attorneys. In determining whether to dismiss a complaint brought by a *pro se* litigant, a federal district court is "required to interpret the *pro se* complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Therefore, in keeping with its duty to "construe *pro se* complaints liberally ... [the Court] will consider" additional facts included in Sproul's filings that came after the complaint to the extent they are consistent with the allegations in his complaint. *Bush v. City of Philadelphia*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005).

## II. ANALYSIS

Dismissing a case at the motion to dismiss stage based on a limitations defense is disfavored unless the action is clearly time-barred. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). "Though a statute of limitations defense generally cannot be raised by way of a 12(b)(6) motion, an exception known as the 'Third Circuit Rule' permits this when the statute of limitations bar is apparent on the face of the complaint." *Mumma v. High-Spec, Inc.*, 400 F. App'x 629, 631 (3d Cir. 2010) (citing *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital*, 435 F.3d 396, 400 n.14 (3d Cir. 2006)). The Court finds that the Third Circuit Rule applies here.

Before filing a complaint, a plaintiff alleging discrimination under the ADA must exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA); *see also Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). A plaintiff must file a claim with the EEOC within 300 days of the action complained of in order not to be time-barred on that claim. 42 U.S.C.A. § 2000e–5(e)(1). A claim that is not filed within that time period becomes time-barred, and the claimant "lose[s]

the ability to recover for it." *Nat'l. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (finding that the plaintiff could only file charges covering "discrete acts that 'occurred' within the appropriate time period"); *Aubrey v. City of Bethlehem, Fire Dept.*, 466 F. App'x 88, 92 (3d Cir. 2012) (stating that only those alleged unlawful employment practices that occurred within 300 days of filing with the EEOC are actionable).

Sproul pleads that the alleged discrimination occurred between September 2010 and March 2020. (ECF No. 8). Therefore, the last day for him to file a discrimination charge with the EEOC was January 25, 2021. Sproul admits that he never brought his ADA claim to the attention of the EEOC. (ECF Nos. 8, 20, 22). Further, he did not file the instant complaint until July 21, 2022, which was eighteen months after the statute of limitations. As a result, his claim is time-barred.

The Court holds that Sproul has failed to state any equitable reasons for disregarding the statutory requirements. Equitable tolling is a "rare, extraordinary remedy." *Aversano v. Santander Bank, N.A.*, 828 F. App'x 109 (3d Cir. 2020) (citation omitted); *see also Barren v. United States*, 839 F.2d 987, 992 (3d Cir. 1988) ("limitations periods must be strictly construed"). Neither of Sproul's excuses warrant the Court granting him the extraordinary remedy of excusing his failure to timely file a charge with the EEOC.

Sproul first takes issue with the statute of limitations. He claims, "I'm doing the best I can and I'm aware it's past the statute of limitations for the EEOC," but he believes "the EEOC statute of limitations are too short and should be extended because the short statute of limitations does not serve the people but serves the employers who engage in unlawful activity." (ECF No. 20, p. 2). Also, Sproul contends,

I wasn't aware of the law till the statute of limitations was expired and that's the problem with the statute of limitations in this sort of case. Employment law isn't common knowledge law and the short statute of limitations only serves the offenders which in this case are corporate machines focused on getting every cent of profitability they can without regard for what's best for the employee, and the employees are the people the government is supposed to protect (as well as consumers, not the corporations, they are not people).

(ECF No. 21, p. 2). He goes on to argue, "[t]he statute of limitations and other stuff that I may not have done correctly in this process are irrelevant and are just a way for people not to get their day in court and not being able to get to share their story." (ECF No. 21, p. 3). Further, Sproul argues, "[t]he statute of limitations for this is too short and people are under-educated about the EEOC/ADA [...]." (ECF No. 22, p. 2). At the same time, he admits, that he "realized the EEOC wouldn't do anything about it because of the statute of limitations, so I pursed the matter myself to the quickest of my ability. It took some time because if I remember correctly I didn't really want to have to file a lawsuit on my own." (*Id.* at 4).

Statute of limitations serve to "protect defendants *and* the courts ...," *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (internal quotation omitted) (emphasis added), because they "free[ ] ... courts from adjudicating stale claims," *Sun Oil Co. v. Wortman*, 486 U.S. 717, 736 (1988) (Brennan, J., concurring). They also support "'the minimization of unnecessary litigation.'" *Felder v. Casey*, 487 U.S. 131, 154 (1988) (White, J., concurring) (internal quotation omitted). These public and judicial interests transcend the parties to a litigation. "Courts have repeatedly rejected claims by *pro se* litigants that the burdens of proceeding *pro se* should somehow exempt them from strict compliance with the statute of limitations." *Garrett v. McGinley*, Civil No. 4:17-cv-2054, 2019 WL 2078993, *8 (M.D. Pa. April 3, 2019) (citations omitted). Thus, Sproul's displeasure with the applicable statute of limitations and his status as a *pro se* litigant are not viable reasons for equitable tolling. *See Jones v. Morton*, 195 F.3d 153,

160 (3d Cir. 1999) (holding that a *pro se* petitioner's misunderstanding of the law is insufficient to equitably toll habeas limitations period).

Although Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires," the Court may deny leave for good reason, including futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend this time-barred ADA claim would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III.   CONCLUSION

For the aforementioned reasons, the Court will grant Walmart's motion and dismiss all claims against it with prejudice. Orders of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE